IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


DAVID G. WAITS,                                Case No. 3:12-cv-00504-HZ

       Petitioner,                         OPINION AND ORDER

  v.

JEFFREY THOMAS,

       Respondent.


DAVID G. WAITS
BOP Reg. #15172-006
U.S.P. Beaumont
P.O. Box 26030
Beaumont, TX  77720

    *Pro Se* Petitioner


S. AMANDA MARSHALL
United States Attorney
NATALIE K. WIGHT
Assistant United States Attorney
1000 SW Third Avenue, Suite 600
Portland, OR  97204-2902

    Attorneys for Respondent


1 - OPINION AND ORDER

HERNANDEZ, District Judge.

Petitioner filed this habeas action pursuant to 28 U.S.C. § 2241 while incarcerated at Federal Correctional Institution, Sheridan, Oregon ("FCI Sheridan").[1] Petitioner alleges that his rights to due process of law were violated in a prison disciplinary hearing that resulted in sanctions and the loss of good-time credits. Because Petitioner has not met his burden of showing he was denied due process, the petition (#1) is DENIED.

## BACKGROUND

On January 30, 2012, Petitioner received a disciplinary incident report charging him with violating Code 201 (Fighting With Another Person) and Code 307 (Refusing an Order of any Staff Member). (#1, Pet.; #13, Attach. D. at 5.) The charges arose from an incident at approximately 3:15 p.m. on January 29, 2012, when Senior Officer K. Crosby observed Petitioner and another inmate, "Old Chief," in a cell in what the officer characterized as a fight. (#13, Attach. D at 7.) The inmates did not comply with Officer Crosby's order to stop and separate; he secured the cell, announced the fight over the radio, and secured the unit. (*Id.*) After additional staff arrived, Petitioner and Old Chief were put into restraints and taken to be medically assessed and photographed. (*Id.* at 8.) They were then placed in the special housing unit ("SHU"). (*Id.*)

---

[1] Petitioner is presently incarcerated at the United States Penitentiary, Beaumont, Texas.

2 - OPINION AND ORDER

On February 3, 2012, Petitioner appeared before the Unit Discipline Committee ("UDC") with Petitioner's unit case manager, R. Ament presiding. Petitioner admitted to physical contact with the other inmate, and stated he and Old Chief knew each other from other institutions and were just wrestling. (#13, Attach. D at 5.) The UDC referred the matter to a Discipline Hearing Officer ("DHO") for a hearing, recommending 45 days of disciplinary segregation and loss of 27 days good conduct time. (*Id.*) Petitioner received and signed a written copy of "Inmate Rights at Discipline Hearing" and "Notice of Discipline Hearing Before the DHO." (*Id.*, at 23,24.)

Petitioner appeared before DHO Cortez on February 16, 2012, on the Code 201 violation (Fighting with Another Person). At the hearing, Petitioner denied the charge and stated he and Old Chief were at two other institutions together, never had problems, and were horse-playing. (#13, Attach. D at 1.) Petitioner did not present witnesses or evidence, although he had the opportunity to do so. DHO Cortez found the greater weight of the evidence supported a finding that Petitioner committed the prohibited act. (#13, Attach. D at 3-4.) In doing so, he took into account Petitioner's statements to the investigating officer and the UDC, that he and Old Chief knew each other and were wrestling; the written reports of Senior Officer Crosby and Lt. Van Cleave regarding the incident; the medical evaluation reports and photographic evidence. (*Id.* at 2-3.) DHO Cortez sanctioned Petitioner with the loss of 27 days Good Conduct Time; 30 days of

3 - OPINION AND ORDER

disciplinary segregation; 30 days of disciplinary segregation - suspended pending 180 days clear conduct; and 90 days loss of preferred housing upon release from SHU. (*Id.* at 4.) BOP records do not show Petitioner appealed the disciplinary action through the administrative remedy process. (#13, Attach. C.)

### DISCUSSION

Petitioner argues he is entitled to relief because he was denied the opportunity to call Old Chief as a witness, the only witness he requested; and because there was insufficient evidence to find him guilty of fighting. (#24.) He further contends he requested administrative remedy forms but that staff did not provide them. (#1, at 4; #24, at 2-3.) Respondent argues Petitioner is not entitled to relief because he failed to exhaust his administrative remedies, and in any event his claim is without merit. (#12, at 4.)

I.  Exhaustion of Administrative Remedies

Although exhaustion of administrative remedies is not an express jurisdictional requirement under 28 U.S.C. § 2241, federal prisoners must exhaust their administrative remedies "as a prudential matter" prior to seeking habeas relief. *See Laing v. Ashcroft*, 370 F.3d 994, 997 (9th Cir. 2004); *Castro-Cortez v. INS*, 239 F.3d 1037, 1047 (9th Cir. 2001); *c.f. Hicks v. Hood*, 203 F.Supp.2d 379, 382 (D.Or.2002) (the exhaustion requirement of the Prison Litigation Reform Act ("PLRA") does not expressly apply to petitions filed under § 2241). A court may waive the exhaustion

4 - OPINION AND ORDER

requirement if pursuing administrative remedies would be futile. *Fraley v. U.S. Bureau of Prisons*, 1 F.3d 924, 925 (9th Cir.1993).

Respondent asserts exhaustion as a grounds for dismissal of the petition. A review of the BOP's Administrative Remedy Logs shows Petitioner did not pursue administrative remedies. However, Petitioner has submitted evidence that he requested forms to pursue administrative remedies on February 19, 2012, and again on March 1, 2012. (#24, at 7-8.) He also provides specific details of a verbal request he made to his Unit Case Manager the week of March 4, 2012. (*Id.* at 3.) The Court finds this to be credible evidence that Petitioner attempted to avail himself of available administrative remedies while he was in the SHU, but that he was unable to do so. The Court, therefore, has reviewed Petitioner's claim on the merits.

II. Due Process

"Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). However, some measure of process is required. In *Wolff*, the Supreme Court established three elements of due process that are required of prison officials in disciplinary hearings: (1) provide advance written notice of the disciplinary violation; (2) provide a written statement by a fact-finder as to the evidence relied upon and the reasons for disciplinary action; and (3) allow the charged inmate an opportunity to call witnesses and present

5 - OPINION AND ORDER

documentary evidence in his defense when allowing him to do so "will not be unduly hazardous to institutional safety or correctional goals." *Wolff*, 418 U.S. at 563-66 (1974).

Petitioner's due process claim is premised on his right to call witnesses and present documentary evidence in his defense. Petitioner alleges that his case manager, R. Ament, told him he could not call Old Chief as a witness because it was "against policy." (#24, at 3-4.) He contends Old Chief was the only witness who could support his defense that he and Old Chief were wrestling, not fighting. (*Id.*)

The nature of prison operations necessitates that prison officials be afforded flexibility with respect to inmate requests for witnesses and evidence. *Wolff*, 418 U.S., at 566-69. "Generally, an inmate is allowed to present witnesses when to do so does not threaten institutional safety or correctional goals." *Bostic v. Carlson*, 884 F.2d 1267, 1271-72 (9th Cir. 1989)(citing *Ponte v. Real*, 471 U.S. 491, 495 (1985) and *Wolff*, 418 U.S. at 566.) Prison officials are not required to document their reasons for refusing to call witnesses in the administrative record. *Ponte*, 471 U.S. at 496-97. However, if the refusal of prison officials to call witnesses is the basis of a due process claim challenging disciplinary action and the deprivation of a "liberty" interest, such as good-time credits, the officials must present evidence of their reasons to the court if they are not discernable from the administrative record. *Id.* at 498-500.

6 - OPINION AND ORDER

Here, the administrative record includes the "Incident Report" that investigating officer Lt. S. Laridon completed and gave to Petitioner on January 30, 2012, with a notation that Petitioner did not request any witnesses at that time; and the "Notice of Discipline Hearing Before the DHO," dated February 3, 2012, bearing what appears to be Petitioner's signature, and that of R. Ament, and indicating that neither a staff representative nor any witnesses were requested. (#13, at 5-6; 23.)

The court record includes a declaration from R. Ament stating that, "[t]o my knowledge, the inmate did not request any witnesses be called." (#15, at 2.) Petitioner contends he asked to call Old Chief at the UDC hearing but was told it was against policy. (#24, at 3.) The record also includes a declaration from DHO Cortez stating:

> I have no recollection of [Petitioner] asking to call a witness at the DHO hearing on this matter. In addition, I have reviewed the disciplinary record and find no indication the [Petitioner] requested a witness at any stage of the disciplinary process, despite the fact he was advised of his right to identify witnesses and was given the opportunity to do so several times. The DHO report and all of the documentation considered by me was provided as attachment "D".... These records demonstrate the Petitioner was offered the opportunity to identify witnesses by the investigating Lieutenant on January 30, 2012, (see p.6 at ¶ 25). He was afforded another opportunity by the [UDC] on February 3, 2012, and signed a Notice of Discipline Hearing Before the DHO form indicating he neither requested a staff representative nor any witnesses (see p.23). Finally, he appeared before me for the DHO hearing on February 16, 2012, and indicated he did not wish to call any witnesses (see p.1, ¶(III)(C)(1)). [Petitioner] was not denied his right to call a witness on his behalf.

7 - OPINION AND ORDER

(#14, at 2-3.) Petitioner appears to acknowledge that he did not request a witness at the hearing before DHO Cortez. (#24, at 3.) However, he explains that he had been told policies precluded his calling Old Chief as a witness, presumably because Old Chief was involved in the prohibited conduct. (*Id.*)

On the record before the Court, there is insufficient evidence to conclude that Petitioner's right to call witnesses was denied. Furthermore, the right of inmates to call witnesses in a disciplinary hearing is a limited one. Given Old Chief's participation in the prohibited conduct, there were obvious issues of his self-interest and credibility as a witness, and institutional concerns in maintaining order, discipline, and authority could be found to outweigh Petitioner's interest in having Old Chief testify.

B. <u>Sufficiency of the Evidence</u>

Petitioner is understood to argue that there was insufficient evidence on which to find he engaged in fighting, rather than wrestling - which he admits to. Petitioner is, in essence, challenging the standard of proof used in the DHO hearing and seeking to import the standard of proof applied in criminal proceedings.

In *Superintendent v. Hill*, 472 U.S. 445 (1985), the Supreme Court held that a habeas court reviewing a prison disciplinary hearing cannot substitute its view of the facts for the determinations made in the disciplinary hearing, but that there must be "some evidence" supporting the disciplinary determination to

8 - OPINION AND ORDER

satisfy due process. 472 U.S. at 454-456. "This standard is met if there was some evidence from which the conclusion of the administrative tribunal could be deduced...." *Id.* at 455 (internal quotation and citation omitted). The reviewing court is not required to examine the entire record, independently assess the credibility of witnesses, or weigh the evidence to determine whether the evidence standard is met. *Id.* at 455. Rather, the court's review is to ascertain whether there is any evidence in the record that supports the conclusion made by the DHO. *Id.*

The standards of proof applicable to federal DHO hearings are found in BOP regulations, and specify, in relevant part:

> (f) Evidence and witnesses. You are entitled to make a statement and present documentary evidence to the DHO on your own behalf. *The DHO will consider all evidence presented during the hearing. The DHO's decision will be based on at least some facts and, if there is conflicting evidence, on the greater weight of the evidence.* Witnesses may appear at the DHO's hearing as follows:
> * * *
> (3) You or your staff representative may request witnesses appear at the hearing to testify on your behalf. Your requested witnesses may not appear if, in the DHO's discretion, they are not reasonably available, their presence at the hearing would jeopardize institution security, or they would present repetitive evidence.
> (4) If your requested witnesses are unavailable to appear, written statements can be requested by either the DHO or staff representative. The written statements can then be considered during the DHO's hearing.
> (5) Only the DHO may directly question witnesses at the DHO's hearing. Any questions by you or your staff representative must be submitted to the DHO, who will present the question to the witness in his/her discretion.

28 CFR §541.8 (emphasis added).

9 - OPINION AND ORDER

As detailed in the background section above, DHO Cortez weighed Petitioner's denials of fighting against the reports written immediately after the incident. DHO Cortez concluded the weight of the evidence supported finding Petitioner had engaged in fighting. (#13, Attach. D.) In reviewing the incident reports and the DHO Report, the Court finds there is "some evidence" to support the conclusion that Petitioner engaged in fighting, particularly the fact the inmates did not immediately separate when told by Senior Officer Crosby to do so. Accordingly, the requirements for due process were satisfied, and habeas relief is not warranted.

## CONCLUSION

For the reasons stated above, the Court finds Petitioner's due process rights were not infringed in the disciplinary hearing at issue. Accordingly, the Petition for Writ of Habeas Corpus (#1) is DENIED, with prejudice.

The court declines to issue a Certificate of Appealability on the basis that Petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

DATED this 5 day of Dec., 2012.

_____
Marco A. Hernandez
United States District Judge